Jozef Molak et ux.
vs.
General Fabrics
Corporation
} Eq. No. 9856.

February 28, 1930.

WALSH, J. Heard on complainant's motion to overrule pleas of respondent.

On or about November 26, 1919, respondent caused to be installed in Fales Avenue. a platted street and public way in the City of Central Falls. a water main leading from High Street through said Fales Avenue to its manufacturing establishment. It does not appear that this installation was done by municipal authority. Fales Avenue was an "accepted" street of the City of Central Falls.

On November 2, 1925, the City of Central Falls abandoned Fales Avenue as a public highway. The complainants. owners of land on both sides of a portion of Fales Avenue, upon the abandonment for highway purposes by the city, became entitled to a portion of the abandoned land in which this water main was laid. They claim that they desire to build upon this land, that a permit to build is denied them on account of the presence of this water main in the land, that such presence constitutes a nuisance and they ask for equitable relief.

The respondent has filed two pleas to the bill, viz.: (1) one purporting to allege a perpetual easement to maintain and use said water main; and (2) one claiming laches on the part of complainants.

The complainants contend that the first plea should be overruled, because

(1) "It alleges no single fact which if proved would entitle the respondent to an easement."

(2) "It sets forth no variety of circumstances, which taken together, if proved, would establish a single point or fact that would entitle the respondent to an easement."

A careful reading of the first plea fails to disclose, (1) any authority for laying and maintaining the water main in a public highway; (2) any power or authority in complainants to object to its laying and maintenance up to November 2. 1925; (2) any grant. either express or implied, by complainants to lay and maintain the main: (4) the lapse of sufficient time after the laying to constitute an easement by prescription.

Our courts have held that a plea in equity must be complete so that issue

may be taken on it. If issue be taken on a plea in equity, the only question is the truth of the plea.

Greene vs. Harris, 11 R. I. 5.

Even if the facts stated in this plea were established, we do not think it would constitute a bar to the claim of complainants. The statements that there is a perpetual easement and that there is an easement by implication are mere conclusions. The first plea must be overruled.

The second plea sets up laches based on the following facts:—that complainants knew that the sole purpose of respondent in securing the abandonment of Fales Avenue was to stop travel thereon; that complainants knowing of the existence of the water main and that the respondent was maintaining and using the water main and that respondent had need of said main, made no complaint about the location or use of said water main until about one and one-half years after the abandonment of Fales Avenue as a public highway; that the respondent lost its right of appeal from the order of the Board of Aldermen abandoning said Fales Avenue as, a public highway, one year after the entry of said order.

The complainants move that this plea be overruled, because

(1) "It is filed with special permission of the Court."

(2) "It makes double pleas."

(3) "If it is a plea of laches, it is not a proper plea. Laches does not have to be pleaded."

(4) "It sets forth no single point or fact which, if proved, would enable the respondent to claim laches."

(5) "It sets forth no variety of circu: istances or acts which, taken together, if proved, would establish a single point or fact that would entitle the respondent to claim laches."

On the second ground, we feel that in equity double pleas may be allowed by the Court when they do not involve diverse issues.

Prov. Institutions for Savings vs. Barr, 17 R. I. 131.

Upon the allegations in the plea, we are of the opinion that the respondent has not set forth facts sufficient to work an estoppel by lapse of time. The plea is therefore defective and must be overruled.

Crafts vs. Crafts, 23 R. I. 5.

For complainant: L. J. Tuck.

For respondent: R. M. Dexter.